into the gutter, the left wheel running over her and causing injuries from which she died. The truck in question was owned by defendant Fitzpatrick, Inc., but was rented at the time with its chauffeur to the New York Steam Company. The chauffeurs reported to the superintendent of the steam company each morning and he directed when and where the trucks were to go. He had no control, however, over the manner of operation of the trucks. Defendant, appellant, contended that the steam company, as special employer, was liable for the accident.

*Theodore H. Lord* and *Fred H. Rees* for appellant.

*David Greenbaum, J. Arthur Hilton* and *Alfred T. Tompkins* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

LOVELAND PADDOCK, Plaintiff, *v.* FRANK S. PADDOCK, Appellant, and OLIVE A. PADDOCK, Respondent, Impleaded with Others.

*Real property — title — action to partition land — complaint dismissed as to land, legal title to which was in one of defendants.*

Paddock v. Paddock, 199 App. Div. 912, affirmed.

(Argued October 24, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1921, which affirmed a judgment of the court at a Trial Term without a jury dismissing the complaint, in an action of partition, as to a certain parcel of land described therein. The only question involved was as to the legal title and ownership of the land in question, the trial court holding that the respondent herein was the owner of an undivided one-half thereof.

*Thomas Burns* for appellant.

*Samuel Child* for respondent.

38

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

AGNES QUINN, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY et al., Appellants.

*Negligence — carriers — railroads —passengers — injury to passenger on street railway car arising from collision with car of another company — recovery against both companies.*

Quinn v. *International Railway Co.*, 199 App. Div. 957, affirmed. (Argued October 24, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 15, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff was a passenger upon a car of the defendant International Railway Company which was turning the curve from Chestnut into Swan street in the city of Buffalo, when it was struck by a car of the defendant Buffalo and Lake Erie Traction Company, proceeding east on Swan street, and as a result of this collision plaintiff received the injuries complained of, for which she has recovered a verdict against both defendants.

*Harold S. Brown* for International Railway Company, appellant.

*Thomas R. Wheeler* for receiver of Buffalo and Lake Erie Traction Company, appellant.

*John J. Brown* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: MCLAUGHLIN, J.